## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| AFCO CREDIT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| SAND CASTLE SOUTH | ) | **COMPLAINT** |
| HOMEOWNERS' ASSOCIATION | ) | |
| INC. dba SANDCASTLE SOUTH | ) | |
| HOA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

AFCO Credit Corporation ("Plaintiff"), by and through its undersigned counsel, hereby files this Complaint against Defendant Sand Castle South Homeowners' Association, Inc. dba Sandcastle South HOA, Inc. ("Defendant") showing this Court the following:

## NATURE OF ACTION

1.      This is an action against Defendant for its breach of a Premium Finance Agreement – Promissory Note executed in favor of Plaintiff in connection with a loan Plaintiff made to Defendant in the aggregate principal sum of $225,659.74.  The proceeds of the loan were used by Defendant to purchase insurance coverage for its business operations.  Plaintiff is owed no less than $103,495.57 on the loan, which amount includes outstanding principal, accrued interest, fees and charges as of March 11, 2026. Interest continues to accrue, and Plaintiff is entitled to recover other

applicable fees, charges and expenses under the terms of the loans, including without limitation, attorney's fees incurred as a result of Defendant's breaches and Plaintiff's exercise of its remedies.

## THE PARTIES

2.     Plaintiff AFCO Credit Corporation is a corporation organized and existing under the laws of the State of New York.  Plaintiff is authorized to transact business in the State of South Carolina as a registered Foreign Corporation.

3.     Defendant Sand Castle South Homeowners' Association, Inc. dba Sandcastle South HOA, Inc. is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business located in Myrtle Beach, Horry County, South Carolina. Upon information and belief, Defendant is a homeowners' association comprised of members owning units at the Sand Castle South Beach Resort.  Defendant may be served with process through its registered agent, Registered Agent Solutions, Inc., 317 Ruth Vista Road, Lexington, South Carolina 29073.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and because there is complete diversity of citizenship between the parties as follows:

a. Plaintiff is a corporation organized and existing under the laws of the State of New York.  Its principal place of business is located at 150 North Field Drive, Suite 190, Lake Forest, Illinois 60045. Therefore, Plaintiff is a citizen of New York and Illinois for diversity jurisdiction purposes.

b. Defendant is a corporation organized and existing under the laws of the State of South Carolina. Its principal place of business is located at 2207 South Ocean Boulevard, Myrtle Beach, South Carolina 29577. Therefore, Defendant is a citizen of South Carolina for diversity jurisdiction purposes.

5.    This Court has general personal jurisdiction over Defendant because Defendant was organized in, operates in, and is located in this State.

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendant resides in Horry County, South Carolina and a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Horry County, South Carolina, which is located in the Florence Division of the United States District Court for the District of South Carolina.

## FACTUAL BACKGROUND

7.      On or about June 20, 2024, Defendant executed that certain Premium Finance Agreement - Promissory Note (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit 1** and is incorporated herein by reference.

8.      Plaintiff accepted the Note.  Pursuant to the Note, Plaintiff made a loan to Defendant in the amount of no less than $225,659.74.

9.      Defendant promised to repay the loan to Plaintiff.

10.     The proceeds of the foregoing loan were used by the Defendant to purchase commercial insurance coverage for the Defendant's business operations ("Insurance Coverage").

11.     The Note granted Plaintiff security interests in, and assignment of, all unearned premiums and related amounts under the Insurance Coverage (the "Collateral"), coupled with a limited power of attorney to cancel the Insurance Coverages upon a default by Defendant.

12.     The Defendant defaulted with respect to its payment obligations under the Note and remains in default.  All amounts are due and payable under the Note.

13.     Upon information and belief, all Collateral, including the unearned insurance premiums under the Insurance Coverage, has been returned to Plaintiff by the insurance carriers that provided the Insurance Coverage to Defendant.  Plaintiff has applied all unearned premium receipts to the obligations owed by Defendant.

- 4 -

14.  Plaintiff made a demand for payment upon Defendant.  Despite the demand, Defendant has failed to pay all amounts due and owing to Plaintiff.

15.  A balance remains due and owing to Plaintiff under the Note.

16.  The Note permits Plaintiff to recover attorneys' fees and collection costs in the event that the Note is referred for collection to a party that is not an employee of Plaintiff.

17.  As of March 11, 2026, Defendant owes Plaintiff no less than $103,495.57 under the Note, plus attorneys' fees and costs to be calculated.  Interest has accrued and continues to accrue under the Note at the per diem rate of interest of $26.49.  A true and correct copy of the Statement of Account is attached hereto as **Exhibit 2** and incorporated herein by reference.  Fees, costs and other items payable under the Note, including attorneys' fees and costs, continue to accrue.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

18.  Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

19.  The Note constitutes a valid and enforceable contract under applicable law.

20.  Plaintiff performed its material obligations under the Note by making the loan and extending credit to the Defendant.

21.    As described above, Defendant has breached material obligations under the Note by failing to pay amounts due and owing.

22.    As a direct and proximate result of Defendant's material breach, Plaintiff has sustained damages in the amount set forth above, which Plaintiff is entitled to recover from Defendant for its breach of contract.

23.    In addition, Plaintiff has incurred and continues to incur attorney fees and costs in connection with this matter, and Plaintiff is entitled to recover such attorneys' fees from Defendant, pursuant to Section 16 of the Note.

## SECOND CAUSE OF ACTION
### (Quantum Meruit / Unjust Enrichment)

24.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

25.    Plaintiff conferred a benefit upon Defendant by loaning Defendant money for the payment of insurance premiums.

26.    Defendant realized the benefit, using the proceeds of the loan for payment of the insurance premiums.

27.    Defendant agreed to repay the loan in monthly increments, but instead has retained the benefit without repayment to Plaintiff.

28.    Plaintiff performed its material obligations under the loans, and Defendant failed to perform.

29.    It would be unjust and inequitable for the Defendant to retain the benefit of the loan without repayment to Plaintiff, and Plaintiff is entitled to recover from Defendant all amounts which Defendant has been unjustly enriched.

WHEREFORE, Plaintiff, AFCO Credit Corporation, demands judgment be entered against Defendant Sand Castle South Homeowners' Association, Inc. dba Sandcastle South HOA, Inc., for all amounts due and owing under the Note, plus prejudgment interest through to the date of entry of judgment, plus post-judgment interest, each at the contract rate, and attorneys' fees and costs.

Respectfully submitted this the 5th day of May, 2026.

WOMBLE BOND DICKINSON (US), LLP

/s/ *Harriet O'Malley*
Harriet O'Malley (Federal Bar No. 13350)
5 Exchange Street
Charleston, SC 29401
Telephone:  (843) 576-5516
Email:        harriet.omalley@wbd-us.com

*Attorney for Plaintiff AFCO Credit Corporation*

- 7 -